UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CURT MAJORS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:17-cv-00270-AGF |
| | ) |
| PROFESSIONAL CREDIT | ) |
| MANAGEMENT, INC., | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on the motion of Plaintiff Curt Majors to dismiss with prejudice this action pursuant to Federal Rule of Civil Procedure 41(a)(2). ECF No. 24. Defendant Professional Credit Management opposes the motion and seeks monetary sanctions against Plaintiff's attorney for bringing a frivolous lawsuit. ECF No. 25. For the reasons set forth below, the motion to dismiss will be granted.

### BACKGROUND

This case asserting violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692, et seq., ("FDCPA") was filed by Plaintiff, through counsel, on January 24, 2017. In his complaint, Plaintiff claims that Defendant violated the FDCPA when it sent a collection letter to Plaintiff for an amount that included collection fees for payments by credit and debit cards. Plaintiff alleges that he did not agree to these collection fees, the charging of which constituted deceptive, misleading, and unfair debt collection practices.

Defendant answered the complaint on March 23, 2017, and the Court entered a Case Management Order on May 15, 2017. On June 27, 2017, the Court engaged the parties in a telephone conference to resolve a discovery dispute regarding Plaintiff's deposition, set that day, and that deposition went forward. On September 7, 2017, Defendant filed a motion for summary judgment, arguing that (1) Plaintiff testified by deposition that he was not confused by the language contained in the debt collection letter stating that a convenience fee would be charged by a third party processor if he used his credit card; and (2) the collection letter clearly disclosed that a third party processor, not Defendant, would have collected the convenience fee had Plaintiff elected to pay the debt electronically, and Defendant cannot be held to have violated the FDCPA where a third party would have collected such a fee.

Plaintiff requested two extensions of time to respond to the motion for summary judgment. The first request was filed with the consent of Defendant, but the second was not. The Court granted both extensions, but indicated that no further extensions would be granted beyond October 30, 2017. On October 31, 2017, rather than responding to the motion for summary judgment, Plaintiff filed a motion to voluntarily dismiss with prejudice his lawsuit against Defendant. Defendant opposes the motion, requesting that the Court instead rule on the motion for summary judgment because Plaintiff's counsel knew or should have known before filing the lawsuit that the case had no merit. Defendant contends it incurred substantial costs defending this litigation and seeks sanctions against Plaintiff's counsel for filing a frivolous lawsuit.

Plaintiff's counsel argues in response that other jurisdictions have ruled that charging a convenience fee violated the FDCPA, which gave him the reasonable belief that this lawsuit had merit. Moreover, Plaintiff's counsel states that he litigated this case in good faith until the motion for summary judgment was filed, at which time counsel determined that, based on Plaintiff's deposition and the facts of the case, Plaintiff would be unable to withstand summary judgment. Therefore, rather than incurring additional costs to brief the summary judgment, Plaintiff's counsel moved to voluntarily dismiss the case with prejudice. This, Plaintiff's counsel maintains, does not constitute sanctionable conduct.

## DISCUSSION

### Motion to Dismiss with Prejudice

After "the opposing party serves either an answer or a motion for summary judgment . . . an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(1) and (2). The Court considers the following four factors when determining whether to grant a voluntary dismissal:

> (1) the defendant's effort and the expense involved in preparing for trial, (2) excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, (3) insufficient explanation of the need to take a dismissal, and (4) the fact that a motion for summary judgment has been filed by the defendant.

*See Witzman v. Gross*, 148 F.3d 988, 992 (8th Cir. 1998). Usually, a request for voluntary dismissal with prejudice is granted. *Owner-Operator Indep. Drivers Ass'n v.*

*United Van Lines, Inc.*, No. 4:06-CV-219 (JCH), 2007 WL 1223463, at *2 (E.D. Mo. Apr. 24, 2007).  Denial of a dismissal with prejudice is proper, however, where it would be unfair to Defendant to dismiss the case.  *Id.* (denying voluntary dismissal with prejudice in a class action because the defendant had put considerable effort and expense into the case, the plaintiffs' contention that prior court orders had effectively terminated their claims was an insufficient explanation for dismissal, counterclaims were still pending, and the court was not convinced that dismissing the class members with prejudice would result in a final judgment).

Here, Defendant has failed to show how dismissal with prejudice would be unfair or prejudicial.  Defendant requests that the Court deny Plaintiff's motion to dismiss with prejudice and instead rule on the motion for summary judgment.  But the Court sees little to be gained from such an expense of judicial resources, as a dismissal with prejudice is a final judgment on the merits with res judicata effect.  9 Charles Alan Wright et al., *Federal Practice & Procedure* § 2367 (3d ed. 2017) ("A dismissal with prejudice, unless the court has made some other provision, is subject to the usual rules of res judicata and is effective not only on the immediate parties to the action but also on their privies.").  Moreover, as Defendant itself argues, there is already case law in this District supporting Defendant's argument that a collection letter such as Defendant's does not violate the FDCPA.  Therefore, Defendant cannot show that it would be prejudiced by the Court granting Plaintiff's motion to voluntarily dismiss with prejudice.

**Sanctions**

"The imposition of sanctions is a serious matter and should be approached with circumspection." *O'Connell v. Champion Int'l Corp.*, 812 F.2d 393, 395 (8th Cir. 1987). Sanctions are proper under 28 U.S.C. § 1927 "when attorney conduct, viewed objectively, manifests either intentional or reckless disregard of the attorney's duties to the court." *Lee v. First Lenders Ins. Servs., Inc.*, 236 F.3d 443, 445 (8th Cir. 2001). A court possesses inherent power to sanction conduct that is inappropriate and frivolous. *Chambers v. NASCO, Inc.*, 501 U.S. 32 (1991); *see also Associated Contract Loggers, Inc. v. U.S. Forest Serv.*, 84 F. Supp. 2d 1029, 1038 (D. Minn. 2000) (awarding sanctions pursuant to its inherent authority for knowingly filing a lawsuit designed to harass and delay the defendants).

Defendant asks this Court to sanction Plaintiff's attorney pursuant to 28 U.S.C. § 1927 and the Court's inherent authority, demanding counsel for Plaintiff to pay all fees and costs Defendant has incurred in defending against Plaintiff's claims. Defendant argues that counsel for Plaintiff knew before he filed the complaint that the allegations had no merit based on the law of this Circuit and the facts of the case known to counsel before filing the lawsuit. Defendant points to other lawsuits filed by Plaintiff's counsel as evidence that he knowingly filed similarly frivolous lawsuits in other courts.

Defendant failed to present evidence sufficient for the Court to find that Plaintiff's counsel acted in bad faith by filing a lawsuit he knew to be frivolous. Plaintiff's complaint alleged that the collection letter sent by Defendant included collection costs for

5

credit and debit card and bank draft payments. Plaintiff asserted that these fees were not authorized and were deceptive, misleading, or unfair. Defendant asserts that, as a matter of law, collection or convenience fees charged by a third party do not violate the FDCPA. Defendant contends that Plaintiff's counsel should have known that he would be unable to prevail on an FDCPA claim challenging the convenience fees referenced in the debt collection letter.

Other circuits have, in fact, ruled that there is no violation of the FDCPA where a debt collector itself does not charge the convenience fee (thereby making a greater profit). S*ee, e.g.*, *Lee v. Main Accounts, Inc.*, 125 F.3d 855 (6th Cir. 1997) (unpublished table opinion) (holding on summary judgment that where the defendant would not have received any additional compensation from the credit card fee, such a fee was not an "attempt to collect" under the FDCPA). And courts in this District have previously held that where a statement about the collection fee was separate from the statement of Plaintiff's total balance due, a reasonable unsophisticated consumer would understand that the convenience fee was not a part of the principal debt. *See Weast v. Rockport Financial, LLC*, 115 F. Supp. 3d 1018, 1023 (E.D. Mo. 2015). However, the Eighth Circuit has not ruled on this precise issue, and Plaintiff has cited cases from other jurisdictions that have recognized asserting such a fee can be a violation. *See Thomas v. Youderian*, 232 F. Supp. 3d 656, 670 (D.N.J. 2017) (denying motion to dismiss where the plaintiff received a collection letter notifying him that a small convenience fee would be charged for payments made by credit card).

The facts here present a somewhat close case for an award of fees, as much that Plaintiff notes as cause for the dismissal could have been determined from better investigation of the law and the facts prior to filing suit. Nevertheless, Defendant has failed to persuade the Court that the decision to dismiss this lawsuit with prejudice based on the case law in this circuit and Plaintiff's deposition testimony that he was not confused by the convenience fee is simply an attempt to avoid an adverse judgment on the motion for summary judgment, thereby warranting sanctions. Plaintiff's counsel's conduct in this litigation does not rise to the level of conduct for which the Court would ordinarily award sanctions. *See, e.g. Kurkowski v. Volcker*, 819 F.2d 201, 203–04 (8th Cir. 1987) (imposing sanctions against the plaintiffs where their complaint was substantially identical to claims made and rejected by the trial courts and courts of appeal earlier, verbatim complaints had been filed in several other courts, and the evidence showed that there was absolutely no relationship between the plaintiffs and a named defendant); *Welk v. GMAC Mortg., LLC*, 720 F.3d 736, 738 (8th Cir. 2013) (affirming the imposition of sanctions when plaintiffs' claims were not warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law, and that they had been brought for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation).

Further, the cases cited by Defendant as evidence of Plaintiff's counsel's bad faith conduct are distinguishable and specific to those cases. No other exceptional

circumstances sufficient to justify sanctioning counsel for Plaintiff exist, and Defendant's request will be denied.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion to dismiss case with prejudice is **GRANTED**. ECF No. 24.

**IT IS FURTHER ORDERED** that Defendant's request for sanctions is **DENIED**. ECF No. 25.

**IT IS FURTHER ORDERED** that Defendant's motion for summary judgment is **DENIED as moot**. ECF No. 15.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 12th day of March, 2018.